■ FIRST UNUM LIFE INSURANCE COMPANY, Appellant, v RICHARD S. GRAVANTE, Respondent. [841 NYS2d 81]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered October 14, 2005, which granted defendant's summary judgment motion to the extent of declaring that plaintiff had no basis to rescind its disability insurance policy and that the policy remained in effect, and denied plaintiff's cross motion for summary judgment, unanimously affirmed, with costs.

Under Insurance Law § 3105, a misrepresentation in an ap-

plication for insurance is defined as a false "statement as to past or present fact, made to the insurer . . . at or before the making of the insurance contract as an inducement to the making thereof" (§ 3105 [a]). In the disability policy application at issue, there was no false statement as to past or present fact. Defendant simply stated the fact that he had an existing disability policy with Provident at the time he applied for the Unum policy, and that he intended to cancel the Provident policy in the event plaintiff issued one to him. Subsequently, defendant wrote to Provident and directed that it cancel the existing policy. The sending of the letter is conclusive proof that defendant did not misrepresent his intentions on the application. Provident's failure to cancel the policy does not otherwise evidence a misrepresentation by defendant. Concur—Mazzarelli, J.P., Andrias, Gonzalez, Catterson and Malone, JJ.